[Crim. No. 2194. In Bank.—August 1, 1918.]

## In re Application of WM. L. W. PATTON for a Writ of Habeas Corpus.

HABEAS CORPUS—FORFEITURE OF CREDITS OF PAROLED PRISONER—AL-
LEGED ILLEGAL ACTION OF PRISON DIRECTORS—INSUFFICIENCY OF
PETITION.—An application for a writ of *habeas corpus* by a paroled
prisoner, whose credits had been declared forfeited for a violation
of the terms of his parole, must be denied where the application is
based upon the ground that the credits had never been lawfully or
justly forfeited, and no attempt is made to specify or suggest wherein
the action of the board of prison directors was illegal or unauthorized
by law.

APPLICATION for a Writ of Habeas Corpus originally
made to the Supreme Court.

The facts are stated in the opinion of the court.

Wm. L. W. Patton, *in pro. per.*, for Petitioner.

THE COURT.—It is fairly inferable from the petition
itself that the board of prison directors did declare forfeited
all credits earned and to be earned by petitioner, which they
would have the power to do under certain circumstances.
As to this he alleges that his credits "have never been *law-
fully or justly forfeited.*" No attempt is made to specify
or suggest wherein the action of the prison directors was
illegal or unauthorized by law. If his credits were law-
fully declared forfeited, his term has not expired. It is in-
cumbent on him, in order to make out a case for *habeas
corpus,* to allege *facts* showing the illegality of his imprison-
ment. It is proper to note that the return to the writ issued
on his application by the district court of appeal of the
first appellate district, to which proceeding he refers in this
application, shows that the records of the board of prison
directors contain a record of a proceeding against him
before such board resulting in a declaration of forfeiture of
his credits for a violation of the terms of his parole, and
moreover that in such proceeding he pleaded guilty to the
charge.

The application for a writ is denied.